*233
 
 Tatioe, Chief-Justice,
 

 delivered the opinion of the Court:
 

 • , i The only question presented in this case is, whether the Defendant, who is a maternal brother of the half blood, to the lessors of the Plaintiff, shall share with them in-the descent of lands, of which James became seised in consequence of the deatli of his father, and this depends upon the true construction of the third clause of the act of 17’84, regulating descents.
 

 It seenqs to have been the aim of the Legislature, to abolish that, .rule.of the Common Law, which totally excludes the half blood from the inheritance; and to allow th$mto inherit, 1st, where there are no nearer collateral relations, and 2d, w.hcre the brother or sister of the whole blood acquires the estate by purchase.
 

 It is true, that the provision of the clause under consideration, is couched in very broad and general terms, which considered by themselves, would clearly admit the half blood in every possible case. But this'construction is narrowed by the proviso, which, while it declares the intent of the Legislature, evinces the spirit in which the alteration is made in the law. The words are
 
 ff
 
 Provided always, that when the estate shall hgve descended on the part of the father, and the issue to which such inheritance shall have descended, shall die without' issue, male or female, but leaving brothers or sisters of the paternal line, of the half blood, and brothers or sisters of the maternal line, also of the half blood, such brothers and sisters respectively, of the paternal line, shall inherit in the same manner as brothers and sisters of the whole blood, until such paternal line is exhausted of the half
 
 blood;
 
 and the same rule of descent and inheritance shall prevail among the half blood of the maternal line, wilder similar circumstances, to the exclusion of the paternal line.” It is said that this proviso describes a case, where there are brothers or sisters both of the paternal and maternal half blood, and does not provide for a ca«e-
 
 *234
 
 where there is but one set of half blood. But certainly the spirit and equity of a law, which excludes the maternal half blood in favour of the paternal, because the eHfate descended from the father, must under similar circumstances exclude
 
 the frater uterinus,
 
 in favour of the whole blood. To give the law a different construction, we must assume the principle, that the Legislature meant to place the whole blood in a more unfavorable situation, than the half blood.' So that if the lessors of the Plaintiff* in this case, were of the half blood, they would exclude the Defendant by the very words of the proviso,- but being of the whole blood, the land though descending on the part of the father, must be shared equally with the Defendant. 'Phis could not have been designed by the lawmakers, and therefore, is a construction wholly inadmissible. Judgment for the Plaintiff.